**In re John P. MONTREY, Respondent.**

**No. 58173.**

Supreme Court of Missouri,
En Banc.

July 22, 1974.

Mortimer A. Rosecan, St. Louis, for respondent.

Thomas V. Connelly, Charles C. Allen, Jr., Bernard Susman, William G. Guerri, Harold A. Thomas, Jr., Herbert E. Bryant, Milton Greenfield, Jr., Walter M. Clark, Dale Reaban, F. Roger Hemker, Shulamith Simon, St. Louis, Informants, Bar Committee Twenty-Second Judicial Circuit by Richard A. Hetlage, David S. Hemenway, St. Louis, for informants.

PER CURIAM:

This is a disciplinary proceeding commenced in this court pursuant to Rule 5[1] by the bar committee of the 22nd judicial circuit (informants) against John P. Montrey (respondent), a member of the bar of this state. The information filed is in four counts charging respondent with violation of specific subdivisions of Rule 4, Code of Professional Responsibility. A special

---

1. References to rules are to Missouri Supreme Court Rules and V.A.M.R.

commissioner appointed by the court held a hearing pertaining to the charges and made and filed his report, including a transcript of the evidence heard, findings of fact, conclusions of law, and his recommendation. Informants and respondent, through their respective counsel,[2] have filed briefs and presented oral argument.

We have reviewed the record and conclude, as did the special commissioner, that respondent must be disciplined. There is no need to lengthen this opinion by summarizing the great volume of evidence heard and considered; it is sufficient to say that it supports our decision. Nor is there need to record here the findings, conclusions and recommendation of the special commissioner; they, like our conclusions and decision, will have no precedential value.

We find the facts to be, and conclude, as follows:

1. Respondent, retained by an insurer to defend its insured in an action for damages pending in the circuit court of the city of St. Louis, did settle the case and permit a judgment to be entered against the insured for an amount in excess of his authority, and thereafter (1) failed to inform his client of the facts and (2) did misrepresent the facts, in violation of DR1–102(A)(1) and (4)[3]; DR7–101(A)(3); and DR7–102(A)(5).

2. Respondent, retained in 1963 by a family to represent them in their claims for damages resulting from personal injuries suffered by the mother and a minor son in an automobile accident in St. Charles county on September 11, 1963, did fail and neglect to file suit on behalf of the mother until September 11, 1968, as a result of which the case was dismissed by the court; that he also failed and neglected to file suit on behalf of the minor son until June, 1971; all in violation of DR6–101(A)(3).

3. As a part of a settlement for $3,550.-83 in October, 1971, of a client's claim for damages for personal injuries, respondent and the client agreed that the client would receive $3,000 net, and the respondent the balance, out of which he would pay certain doctor's bills of his client totaling $465; that the client received the $3,000 and respondent the balance, but he failed to separate these funds of his client from his own in violation of DR9–102(A)(2), and thereafter failed to pay the doctor's bills, as a result of which his client was required to pay them and, in violation of DR9–102(B)(4), respondent did not reimburse his client therefor until 1973.

4. Respondent, retained to represent the contestants in a will contest suit, filed a notice of appeal from a judgment dismissing their suit, but failed thereafter to take any action to perfect the appeal, as a result of which it was dismissed by the appellate court. An account of the dismissal of the appeal was published in the St. Louis Countian, a newspaper engaged in publishing news of court proceedings. When confronted with this news, he denied its accuracy and over a period of several weeks repeatedly represented to his clients that the appeal was still pending, knowing that his representations were false, in violation of DR1–102(A)(4).

We have given careful consideration to the nature and limits of the discipline to be imposed. The court said recently in In re Sullivan, 494 S.W.2d 329, 334 (Mo.banc 1973) that "[a] judgment in a disciplinary proceeding must be just to the public and must be designed to correct any antisocial tendency on the part of the attorney, as well as to deter others who might tend to engage in like violations; it must be fair

---

2. Respondent is represented by counsel appointed by the court. The bar committee, counsel for informants and respondent, as well as the special commissioner, are commended for the highly professional manner in which they have approached and handled their respective tasks in this matter.

3. References to "DR" are to Disciplinary Rules as divisions and subdivisions of Rule 4.

to the attorney, but the duty of the court to society is paramount." Neither disbarment, the greatest measure of discipline, nor censure or reprimand, the least, are appropriate in this case. Considering all the circumstances, it is our judgment that an indefinite suspension with leave to apply for reinstatement within a fixed period of time will serve the ends of justice.

It is ordered that respondent be suspended indefinitely from the practice of law with leave to apply for reinstatement after expiration of six months from the date of rendition of this decision upon a showing that he is a person of good moral character and fully qualified to be licensed as a member of the bar of Missouri.

All concur.